324-0012, the people of the state of Illinois, Appalachia v. Terrence T. Hudson, Appellant. Good afternoon, counsel. Ms. Taylor, are you ready to proceed? Yes, I am. Very well. Good afternoon. May it please the court, counsel. I am Kelly Taylor from the Office of the State Appellate Defender on behalf of the defendant, Terrence Hudson. So there were two issues in the case, but today I'm only going to be focusing on the first issue unless this court has any questions about the second issue. We will be asking that this court reverse Mr. Hudson's convictions and remand the case for further proceedings. Mr. Hudson received ineffective assistance of counsel where his attorneys failed to challenge three biased jurors on the six-juror panel who either did not understand or did not accept the principles espoused in Rule 431B and admitted that they would convict defendant based solely on his arrest. Mr. Hudson was on trial for fleeing or attempting to elude a peace officer, driving while license suspended, and disobeying a stop sign. During voir dire, defense counsel asked these incredibly insightful hypothetical questions, especially in the context of a misdemeanor trial. The questions seemed like they were designed to flesh out whether the jurors comprehended the principles in Xer. Counsel asked the first panel of six jurors what verdict would they render if hypothetically the state presented no evidence, if the defense presented no evidence, and all the jurors knew was that Mr. Hudson had been arrested and charged. Jurors 19, 51, and 115 answered with a variation of, well, if he was arrested, then a crime was committed. Juror 115 also said that he strongly supported law enforcement and he said he felt that law enforcement officers possibly were entitled to more deference when testifying than any other witness. Finally, counsel asked how would you vote if the state proved every element of the offense but one, and counsel reiterated that the state had to prove every element of the offense beyond a reasonable doubt. Jurors 19 and 51 refused to say that they would vote not guilty and that they would have to consult with other members of the jury first. Counsel, who at this point in time had used no peremptories, accepted the entire panel. Mr. Hudson was tried by this six-person jury, and in cases where one biased juror is too many, half of the jury here was biased. The jury was admonished at the beginning of Waudeer that Mr. Hudson was presumed innocent, that he did not have to present any evidence on his own behalf, and that the state had to prove him guilty beyond a reasonable doubt. However, half the jury was ready to ignore Zaire and convict him based on the arrest alone. The state implies that because all the jurors answered in the affirmative to the Zaire questions posed at the beginning, that they could not be biased. But however, their answers to counsel's questions showed that they did not understand or accept the principles in Zaire. Their earlier affirmative responses were either untruthful or misguided. Counsel went out of his way to ask these insightful questions, but then he kept jurors who gave objectively bad answers. He did not attempt to rehabilitate them, and he incorrectly just said, oh, there are no right or wrong answers here. Counsel's performance was deficient, and Mr. Hudson was tried by a biased jury. Now, trial before a biased jury is structural error and is subject to automatic reversal. The crux of the state's case seems to be that the Illinois Supreme Court cases People v. Manning and People v. Metcalf control here. Manning and Metcalf say that defendants have to prove the prejudice prong as required in Strickland. But first of all, deficient performance was not found in Manning or Metcalf because, unlike here, those attorneys used peremptory challenges and exercised jury selection strategies. But more importantly, both of these cases predate Weaver v. Massachusetts, which is a United States Supreme Court case from 2017. The court in Weaver said that the prejudice inquiry in Strickland is not meant to be applied in a mechanical fashion. The court also said that in evaluating an ineffective assistance claim, the ultimate inquiry must concentrate on the fundamental fairness of the proceeding. In Weaver, the petitioner argued that under Strickland, even if there is no showing of reasonable probability of a different outcome, the relief should be granted if the attorney errors rendered the trial fundamentally unfair. For the analytical purposes of the case, the Weaver court assumed that the petitioner's interpretation of Strickland was correct and focused on whether the trial in Weaver was fundamentally unfair. Now, the comments in Weaver are dicta, but they are judicial dicta and they do carry weight. Weaver calls into question the holdings in Metcalf and Manning, and for good reason. If a defendant cannot show that the outcome of his trial would have been different but for counsel's error, then a defendant is left with no recourse when his attorney allows obviously biased jurors onto the jury. To quote Justice Breyer's dissent in Weaver, Trial by a biased jury is structural error for good reason. As Justice Freeman pointed out in his dissent in Manning, As a result, all the factors that normally work to present a court of review with a reliable verdict on appeal are absent when a biased juror sits on a jury. It is impossible to quantify what effect a biased jury had on the outcome at trial, and it's wildly unfair to require defendants to do so in the case of structural error. Ultimately, Mr. Hudson's trial before a biased jury was structural error, and the fact that it was unpreserved should not bar him from relief. That's why Mr. Hudson respectfully requests that this court reverse his convictions and remand for further proceedings. All right. Justice Davenport, Justice Anderson, any questions? No questions. No, thank you. Thank you. All right, thank you. Ms. Schwinn and Ms. Taylor, you'll have five minutes in rebuttal. Ms. Schwinn, are you ready to proceed? I am, Your Honor. Good afternoon, and may it please the court, counsel. My name is Kristen Schwinn, and I represent DuPage County State's Attorney's Office, the appellee in this case. As counsel limited her comments to the first argument, I will do the same and rely on the arguments made for argument two based on the written portion in our brief. The first issue is a claim of ineffective assistance of counsel. That claim is governed by Strickland, which means that the defendant must meet both prongs, both deficiency and prejudice. Therefore, as counsel mentioned, that there are some cases that did not discuss manning and Metcalfe might not have discussed deficiency. It's quite frankly irrelevant. Defendant must prove both prongs in this case. And as we set forth in our brief, the Illinois Supreme Court has spoken on this twice, both in People v. Metcalfe and People v. Manning. And in those cases, they have found that prejudice is not presumed in cases such as these. And for those reasons, excuse me, based on that, counsel or defendant must show that the standard Strickland prong of deficiency. And as we set forth on page 4 of our brief, but for counsel's errors, there's not a reasonable probability that the trial would be different. The evidence here was overwhelming. As we set forth, there's video evidence of the defendant leaving the hotel. There's a People's Exhibit 3. There is a stop showing, excuse me, the stop from the police officer's viewpoint, showing that the defendant did not stop when the police officers tried to effectuate a traffic stop. There is identification of the defendant, both via driver's license, that the defendant was the individual who left the premise. The overwhelming nature of it would – of the evidence at trial shows that the defendant can't meet the prejudice prong analysis. And since this – since the Illinois Supreme Court has not overruled People v. Manning or People v. Metcalfe, that is still good law here. I know counsel has cited to the Weaver case. That, quite frankly, is – the Illinois Supreme Court has not overruled Manning and Metcalfe. And based on case law precedent, that should be the case law that is followed in this court. If there – if Your Honor has any – if Your Honors have any questions regarding prejudice, I'll move just very briefly to deficiency. Deficiency – counsel's strategic choices are virtually unchallengeable, especially in voir dire. We must consider the choices that counsel makes based from the perspective at the time of counsel and consider that there are many factors that counsel would consider when thinking about accepting or exercising a peremptory juror. In this case, all jurors in question accepted the ZEHR principles. Additionally, the trial court went over several additional statements such as accepting that the defendant is entitled to a fair trial, that the case must be decided on the evidence presented, and that the police officer should not be given any more weight or credit or credence to their testimony compared to other lay witnesses. And all three jurors accepted those principles. Now, I believe that we would disagree on the – on counsel's questions in that they were confusing in relation to the ZEHR principles. And that is reflected in some of the statements given by the – by the jurors, particularly when dealing with evidence that there must be sufficient – as the trial court had said, there must be sufficient evidence to prove the defendant guilty beyond a reasonable doubt. And counsel's questions seem to draw that into confusion, which is by some of these responses, given that they must discuss with their other jurymen or there must be some evidence. Given that the – looking at the jurors' comments as a whole during the voir dire, there's nothing to assume that the jurors did not understand any ZEHR principles or that they would be biased in any such way. And if there are no further questions, we would rely on the arguments in our brief to affirm the convictions in sentence. All right. Again, Justice Davenport, Justice Anderson, do you have any questions for counsel? No, I do not. No, I think it's a straightforward case. All right. I don't have any questions. Ms. Taylor, you get a brief response. I don't think I have anything to add based on – based on that. So, thank you. Okay. All right. Well, very well. Thank you both for your arguments this afternoon. We will take this matter under advisement and issue a decision in due course.